UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

        v.

ARMAND KACHIGIAN a/k/a Armand A. Kachigian,

    Defendant.

Case No. 13-cv-520-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff HICA Education Loan Corporation's ("HICA") response (Doc. 13) to the Court's September 30, 2013, order to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction (Doc. 12). HICA brought this case to recover amounts allegedly owed by defendant Armand Kachigian under four defaulted promissory notes for loans made under the United States Health Education Assistance Loan Program ("HEAL Program"). The HEAL Program is a federal program to insure graduate student loans for individuals studying in medical fields and is established and regulated by 42 U.S.C. §§ 292 & 294, *et seq.*, and regulations promulgated under that authority at 42 C.F.R. Part 60. HICA asserts that this Court has federal question jurisdiction to hear this case under 28 U.S.C. § 1331 because the promissory notes in issue were made under the auspices of the HEAL Program and because Kachigian's default on the promissory notes violates regulations requiring payment of interest and payment of a note according to its repayment schedule, *see* 42 C.F.R. § 60.8(b)(2) & (4). However, a number of courts have found that a claim to recover on a defaulted promissory note issued under the HEAL Program is not an action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, such that the Court may exercise federal question subject matter jurisdiction. *See, e.g., HICA Educ. Loan Corp. v.*

*Kotlyarov*, No. 11 Civ. 1050(DAB)(FM), 2013 WL 4007582, at *2-*3 (S.D.N.Y Aug. 6, 2013) (report and recommendation collecting cases), *adopted by* 2013 WL 4617424 (S.D.N.Y Aug. 29, 2013); *HICA Educ. Loan Corp. v. Mittelstedt*, No. 12-cv-512-wmc, 2013 WL 2112233, at *1 (W.D. Wis. May 15, 2013).

In its response to the Court's show cause order, HICA argues that the case presents a federal question because Kachigian's default constitutes a violation of the federal regulations requiring payment of interest and repayment of his loans, that interpretation of the notes by their terms are governed by federal law, and that the federal government has an interest in a federal forum because it is subrogated to HICA's claim.

The Court finds that HICA has not carried its burden of establishing federal jurisdiction over what is really a state law contract claim. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (stating, "the one who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court"). The Court finds the reasoning in *Mittelstedt* persuasive as to the Court's jurisdiction to hear cases based on the failure to repay promissory notes made under the HEAL Program.

In *Mittelstedt*, the court noted that neither the HEAL act nor the federal regulations promulgated under its authority create a private cause of action for the failure to repay a HEAL loan and that violation of a federal regulation alone does not create federal question jurisdiction. *Mittelstedt*, 2013 WL 2112233, at *1-*2 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) (allegations of drug manufacturer's violation of Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, labeling requirements did not present federal question)). Thus, actions to collect on loans made under the HEAL program are not federal causes of action.

The court also examined whether federal question jurisdiction existed because the state law contract claim turned on a substantial question of federal law.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  To justify exercising federal question jurisdiction under this theory, the state law cause of action must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 314; *accord Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).  The *Mittelstedt* court found that the cause of action for nonpayment of a note issued under the HEAL Program did not present an issue of federal law that was disputed, substantial or necessary to resolve the dispute.  *Mittelstedt*, 2013 WL 2112233, at *2.

Finally, the court noted that providing a federal forum for HICA's claim would contravene *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) (holding that dispute over contract which had terms prescribed by federal law and which would be influenced by federal law does not present federal question), and *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 910-11 (7th Cir. 2007) (holding that negligence case where legal standards derived from federal aviation standards but where disputes were essentially factual does not present federal question).

This Court agrees with the *Mittelstedt* court.  There is no federal cause of action for failure to repay a loan under the HEAL program, and there is no dispute over the meaning of the HEAL act or the regulations promulgated thereunder, much less one that presents a substantial federal issue over which it is important for federal courts to exercise jurisdiction.  The dispute in this case is purely factual – did Kachigian repay his loan according to the terms of the note.  The substantial regulation of the HEAL Program by federal law and the United States' subrogation to HICA's claim simply do not create the type of strong federal interest that would outweigh Congress'

decision not to provide a federal forum for contract claims like this which are ordinarily resolved in state court.   To hold otherwise would threaten to bring every federally-regulated contract default case into federal court, a result not directed or intended by Congress.

For these reasons, the Court **DISMISSES** HICA's motion for default judgment (Doc. 11) and this case in its entirety for **lack of jurisdiction**.   The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: May 1, 2014**

                 s/J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**